IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BENTON BAKER IV, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-11-3343 |
| § | | |
| BAC HOME LOANS SERVICING, § | | |
| L.P., *et al.*, § | | |
|     Defendants. § | | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Dismiss [Doc. # 4] filed by Defendant Bank of America, N.A. ("BOA") on September 19, 2011. Under the Local Rules of the Southern District of Texas, a response to a motion is due 21 days after the motion is filed. S.D. Tex. L.R. 7.3, 7.4(A). Because the 21st day was a holiday, Plaintiff Benton Baker IV's response to the Motion to Dismiss was due October 11, 2011. No opposition was filed by that date. The Local Rules provide that failure to respond to a motion is taken as a representation of no opposition. S.D. Tex. L.R. 7.3, 7.4. The Court **grants** the Motion to Dismiss.

**I.      STANDARD FOR MOTION TO DISMISS**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Harrington v. State Farm*

*Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Id.* The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1950.

Rule 9 of the Federal Rules of Civil Procedure requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b); *see Leatherman v. Tarrant Cty. Narcotics Intelligence Unit*, 507 U.S. 163, 168-69 (1993); *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). In particular, the pleadings should "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Southland Securities Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004) (quoting *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177-78 (5th Cir. 1997)). Rule 9(b) requires a plaintiff to allege the existence of facts sufficient to warrant the pleaded conclusion that fraud has occurred. *See In Re Haber Oil Co.*, 12 F.3d 426, 439 (5th Cir. 1994). The Rule 9 heightened pleading requirements apply to negligent

misrepresentation claims that do not have a separate focus from the fraud claim. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 592 F.3d 383, 387 n.3 (5th Cir. 2010) (citing *Benchmark Elecs., Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 724 (5th Cir. 2003)).

**II.     ANALYSIS**

Plaintiff alleges that he applied for a loan modification with BOA in 2010. Plaintiff asserts a single cause of action entitled "Common Law Fraud/Negligent Misrepresentation." In that cause of action, Plaintiff alleges summarily that "Defendants made unidentified material misrepresentations to Plaintiff with the knowledge of their falsity or with reckless disregard of the truth with the intention that such representations be acted upon by Plaintiff, and that Plaintiff relied on these representations to his detriment." *See* Plaintiff's Original Petition [Doc. # 1-1], pp. 5-6. Plaintiff further alleges, also summarily, that "Defendants concealed or failed to disclose material facts within the knowledge of Defendants, that Defendants knew that Plaintiff did not have knowledge of the same and did not have equal opportunity to discover the truth, and that Defendants intended to induce Plaintiff to enter an act or reframe [*sic*] from acting by such concealment or failure to disclose." *See id.* at 6.

Plaintiff's conclusory allegations do not satisfy the pleading requirements of Rule 9. Generally, when a plaintiff's complaint fails to state a claim, the court should

give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). In this case, Plaintiff has not responded to the Motion to Dismiss or otherwise requested an opportunity to replead. Consequently, although the dismissal will be without prejudice, the Court will grant Defendant's Motion to Dismiss.

### III.  CONCLUSION AND ORDER

Plaintiff has failed to plead his common law fraud and negligent misrepresentation claims with adequate particularity. Moreover, Plaintiff has not responded to the Motion to Dismiss, has not requested additional time to do so, and has not requested an opportunity to replead. Consequently, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 4] is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE**.

SIGNED at Houston, Texas, this **18th** day of **October, 2011**.

_____
Nancy F. Atlas
United States District Judge